11 KOSTELKA, J.,
dissenting.
I respectfully dissent. The trial judge made a specific finding of fact in both his written opinion and his oral reasons for judgment in the record. He found that rain water during the heavy rainstorm which occurred in this case “[G]ot in the system and that it caused the backup.” He states again, “Thus, rain water, sewage from neighbors and plaintiffs sewage backed up into the residence.” This policy unambiguously excludes from coverage any damage caused by water from outside the plumbing system that enters through sewers or drains. According to the trial judge, that is what happened here. Rain water entered the system from outside through sewers or drains. Obviously, this means the sewers or drains of the household. To interpret this otherwise is giving a strained interpretation to the language of the policy. World Fire & Marine Ins. Co. v. Carolina Mills Distributing Co., 169 F.2d 826 (8th Cir.1948) is easily distinguished by its facts. There, a cap on a trap broke from outside pressures and thus allowed the interior system to overflow. That court carefully pointed out that other portions of the flooded building did not flood where there was no broken cap.
Furthermore, the majority’s opinion grants the plaintiffs’ motion for summary judgment and remands only for the finding *111 of damages. If there is a question of fact here, then the matter should simply be remanded for trial allowing the trial court to determine from a full trial just what caused the backup or flooding in this case and we should not rule on the facts and grant plaintiffs a judgment with only the amount of that judgment remanded to the trial court for determination.